**\*\* 362 INFORMATION SHEET \*\***

| | |
|---|---|
| Stephen Barry Fine and Leesa Ariel Brookman Fine | BK-N-10-54848-gwz |
| DEBTOR | BNKR. NO.              MOTION NO. |
| | |
| Wells Fargo Bank, N.A. also known as Wachovia Mortgage, a division of Wells Fargo Bank, N.A, and formerly known as Wachovia Mortgage FSB | CHAPTER: 7 |
| MOVANT | |

---

***Certification of Attempt to Resolve the Matter Without Court Action:***

*Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.*

*Date :    January 31, 2011                     Signature:  Matthew M. McArthur*

*Attorney for Movant*

---

PROPERTY INVOLVED IN THIS MOTION: 1966 Arabian Ln, Gardnerville, Nevada 89410-7845

NOTICE SERVED ON: DEBTOR(S) _____ ;
DEBTOR'S(S') COUNSEL_____ ; TRUSTEE _____

DATE OF SERVICE: _____

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS: | The EXTENT and PRIORITY of LIENS: |
| 1st: $410,818.87 | 1st: $ |
| 2nd: | 2nd: |
| 3rd: | 3rd: |
| 4th: | 4th: |
| Other: | Other: |
| Total Encumbrances: $410,818.87 | Total Encumbrances: $ |
| APPRAISAL or OPINION as to VALUE: $270,000.00 | APPRAISAL or OPINION as to VALUE: |

| TERMS OF MOVANT'S CONTRACT WITH THE DEBTOR | DEBTOR'S OFFER OF "ADEQUATE PROTECTION" FOR MOVANT |
|---|---|
| Amount of Note: $385,000.00 | |
| Interest Rate: 2.995% | |
| Duration: 30 years | |
| Payment per Month: $1,997.30 | |
| Date of Default: October 15, 2009 | |
| Amount in Arrears: $33,271.24 | |
| Date of Notice of Default (if recorded): | |
| SPECIAL CIRCUMSTANCES: Debtors intend to surrender the Real Property. | SPECIAL CIRCUMSTANCES: |
| I hereby certify that an attempt has been made to confer with debtor(s) or debtor(s)' counsel, that more than two (2) business days have expired, and that after sincere effort to do so, counsel has been unable to resolve this matter without court action. | SUBMITTED BY: |
| SUBMITTED BY:/s/ MATTHEW M. MCARTHUR | Signature:_____ |
| 4375 Jutland Drive, Suite 200 | |
| P.O. Box 17933 | |
| San Diego, CA 92177-0933 | |
| (858) 750-7600 | |
| NV Bar # 11649 | |

1 | PITE DUNCAN, LLP
EDDIE R. JIMENEZ (NV Bar #10376)
2 | MATTHEW M. MCARTHUR (NV Bar #11649)
ACE VAN PATTEN (NV Bar #11731)
3 | 701 Bridger Avenue, Suite 700
Las Vegas, Nevada 89101
4 | Telephone: (858) 750-7600
Facsimile: (619) 590-1385
5 | E-mail: ecfnvb@piteduncan.com

6 | MAILING ADDRESS:
4375 Jutland Drive, Suite 200
7 | P.O. Box 17933
San Diego, California 92177-0933

8
Attorneys for   Secured Creditor WELLS FARGO BANK, N.A. ALSO KNOWN AS
9 |                WACHOVIA MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A,
                AND FORMERLY KNOWN AS WACHOVIA MORTGAGE FSB
10
UNITED STATES BANKRUPTCY COURT
11
DISTRICT OF NEVADA
12

| 13 In re | Bankruptcy Case No. BK-N-10-54848-gwz |
| 14 STEPHEN BARRY FINE AND LEESA ARIEL BROOKMAN FINE, | Chapter 7 |
| 15 Debtor(s). | WELLS FARGO BANK, N.A. ALSO KNOWN AS WACHOVIA MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A, AND FORMERLY KNOWN AS WACHOVIA MORTGAGE FSB'S MOTION FOR RELIEF FROM AUTOMATIC STAY |
| | (11 U.S.C. § 362 and Bankruptcy Rule 4001) |
| | Date:  March 1, 2011 |
| | Time: 10:00 A.M. |

20      Wells Fargo Bank, N.A. also known as Wachovia Mortgage, a division of Wells Fargo Bank,

21 N.A, and formerly known as Wachovia Mortgage FSB[1] ("Movant"), moves this court for an order

22 terminating the automatic stay of 11 United States Code § 362 as to Movant, so that Movant may

23 commence and continue all acts necessary to enforce its security interest in real property generally

24 described as 1966 Arabian Ln, Gardnerville, Nevada 89410-7845.

25 /././

26

[1] This Motion for Relief from Automatic Stay shall not constitute a waiver of the within party's right to
27 receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004,
notwithstanding Pite Duncan, LLP's participation in this proceeding. Moreover, the within party does not authorize
28 Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's participation in this proceeding, to act
as its agent for purposes of service under Fed. R. Bankr. P. 7004.

- 3 -

1    On or about December 14, 2010, Stephen Barry Fine and Leesa Ariel Brookman Fine

2   ("Debtors") filed a voluntary petition under Chapter 7 of the Bankruptcy Code, and Keith J Tierney

3   was appointed as Chapter 7 Trustee. As a result of said filing, certain acts and proceedings against

4   Debtors and the bankruptcy estate are stayed as provided in 11 United States Code § 362.

5    Movant moves this court for relief from stay under 11 United States Code §§ 362(d)(1) and

6   362(d)(2).

7   **MEMORANDUM OF POINTS AND AUTHORITIES**

8   **I.**
   **MOVANT IS ENTITLED TO RELIEF FROM THE**
9   **AUTOMATIC STAY UNDER 11 UNITED STATES CODE**
   **§ 362(d)(2).**
10

11   **NO EQUITY**

12    11 United States Code § 362(d)(2) provides that relief from the automatic stay shall be

13   granted if the debtor does not have any equity in the property and the property is not necessary to the

14   debtor's effective reorganization.

15    In In re San Clemente Estates, 5 B.R. 605 (Bankr. S.D. Cal. 1980), the court stated that:
       § 362(d)(2) reflects congressional intent to allow creditors to
16       immediately proceed against the property where the debtor has no
       equity and it is unnecessary to the reorganization, even where the
17       debtor can provide adequate protection under § 362(d)(1). (Emphasis
       added).
18

19    Id. at 610 (emphasis added).

20

21    In In re Mikole Developers, Inc., 14 B.R. 524, 525 (Bankr. E.D. Pa. 1981), the court stated

22   that in determining whether equity exists in the property for purposes of § 362(d)(2), all

23   encumbrances are totaled, whether or not all the lienholders have joined in the request for relief from

24   stay. The Ninth Circuit has concurred with this view in Stewart v. Gurley, 745 F.2d 1194 (9th Cir.

25   1984).

26    An appropriate cost of sale factor should also be added to determine if the debtor has any

27   equity in the property. La Jolla Mortgage Fund v. Rancho El Cajon Associates, 18 B.R. 283, 289

28   (Bankr. S.D. Cal. 1982).

- 4 -

1    On or about April 25, 2008, Debtors, for valuable consideration, made, executed and

2  delivered to Movant a Note in the principal sum of $385,000.00 (the "Note"). Pursuant to the Note,

3  Debtors are obligated to make monthly principal and interest payments commencing June 15, 2008,

4  and continuing until May 15, 2038, when all outstanding amounts are due and payable. The Note

5  provides that, in the event of default, the holder of the Note has the option of declaring all unpaid

6  sums immediately due and payable. A copy of the Note is attached hereto as exhibit A and

7  incorporated herein by reference.

8    On or about April 25, 2008, the Debtors made, executed and delivered to Movant a Deed of

9  Trust (the "Deed of Trust") granting Movant a security interest in real property commonly described

10  as 1966 Arabian Ln, Gardnerville, Nevada 89410-7845 (the "Real Property"), which is more fully

11  described in the Deed of Trust. The Deed of Trust provides that attorneys' fees and costs incurred as

12  a result of the Debtors' bankruptcy case may be included in the outstanding balance under the Note.

13  The Deed of Trust was recorded on May 1, 2008, in the Official Records of Douglas County, State

14  of Nevada. A copy of the Deed of Trust is attached hereto as exhibit B and incorporated herein by

15  reference.

16    On or about November 1, 2009, Wachovia Mortgage FSB converted to a national bank with

17  the name Wells Fargo Bank Southwest, National Association.  Additionally, effective November 1,

18  2009, Wells Fargo Bank Southwest, National Association merged with Wells Fargo Bank, National

19  Association.  A copy of the official certification of the Comptroller of the Currency of the

20  conversion of Wachovia Mortgage FSB and the merger of Wells Fargo Bank Southwest, National

21  Association is attached hereto as exhibit C and incorporated herein by reference.

22    The obligation under the Note is in default as of October 15, 2009, for failure to make

23  payments to Movant. As of January 10, 2011, the total obligation due and owing under the Note is in

24  the approximate amount of $410,818.87, representing the principal balance in the amount of

25  $388,272.32, interest in the sum of $16,319.41, escrow advances in the amount of $3,641.34, a

26  recoverable balance in the amount of $2,571.80, consisting of foreclosure fees in the amount of

27  $2,551.80 and property inspections in the amount of $20.00, and recording fees in the amount of

28  $14.00. This is an approximate amount for purposes of this Motion only, and should not be relied

1 upon as such to pay off the subject loan as interest and additional advances may come due

2 subsequent to the filing of the Motion. An exact payoff amount can be obtained by contacting

3 Movant's counsel. Further, Movant has incurred additional post-petition attorneys' fees and costs in

4 bringing the instant Motion. Moreover, the total arrears under the Note are in the approximate sum

5 of $33,271.24, excluding the post-petition attorneys' fees and costs incurred in filing the instant

6 Motion.

**II.**

**RELIEF FROM STAY**

**LACK OF EQUITY**

Movant is informed and believes that, based on the Debtors' bankruptcy Schedules and
Statements, the fair market value of the Property is approximately $270,000.00. True and correct
copies of the Debtors' bankruptcy Schedules "A" and "D" are collectively attached hereto as
exhibit D and incorporated herein by reference.

Based on the above, Movant maintains that the equity in the Property is as follows:

| | |
|---|---|
| Fair Market Value: | $270,000.00 |
| Less: | |
| Movant's Deed of Trust | $410,818.87 |
| Costs of Sale (8%) | $21,600.00 |
| Equity in the Property: | $<162,418.87> |

As a result, there is no equity in the Property for the bankruptcy estate. Moreover, since this
is a Chapter 7 proceeding, there is no reorganization in prospect. As a result, Movant is entitled to
relief from the automatic stay pursuant to 11 United States Code § 362(d)(2).

Debtors' Statement of Intent indicates it is the intent of the Debtors to surrender the Real
Property in full satisfaction of Movant's secured claim. A true and correct copy of the Debtors'
Statement of Intent is attached hereto as exhibit E and incorporated herein by reference.

**III.**
**MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 UNITED STATES CODE § 362(d)(1).**

**CAUSE - LACK OF ADEQUATE PROTECTION**

Pursuant to the provisions of 11 United States Code §§ 361 and 362(d)(1), Movant is entitled

- 6 -

1  to adequate protection of its interest in the Property.

2      Movant submits that adequate protection in this case requires normal and periodic cash

3  payments, as called for by the Note, plus the repayment of any and all delinquent amounts owed to

4  Movant, including all attorneys' fees and costs incurred in the filing of this motion.

5      Movant is informed and believes that Debtors are presently unwilling or unable to provide

6  adequate protection to the Movant and there is no probability that adequate protection can be

7  afforded to Movant within a reasonable time.

8      By reason of the foregoing, Movant is entitled to relief from stay under 11 United States

9  Code § 362(d)(1), based upon the failure of Debtors to provide adequate protection to Movant.

10     Pursuant to Local Rule 9014(g), a proposed order is attached hereto as exhibit F.

11     WHEREFORE, Movant respectfully prays for an Order of this court as follows:

12     1.    Terminating the automatic stay of 11 United States Code § 362, as it applies to the

13  enforcement by Movant of all of its rights in the Real Property under the Note and the Deed of Trust;

14     2.    That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived;

15     3.    Granting Movant leave to foreclose on the Real Property and to enforce the security

16  interest under the Note and the Deed of Trust, including any action necessary to obtain possession of

17  the Property;

18     4.    Permitting Movant to offer and provide Debtors with information re: a potential

19  Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss

20  Mitigation Agreement, and to enter into such agreement with Debtors;

21     5.    Alternatively, in the event this court declines to grant Movant the relief requested

22  above, Movant requests that an Order for adequate protection be issued, requiring the Debtors to

23  reinstate and maintain in a current condition all obligations due under the Note and Deed of Trust

24  and all other deeds of trust encumbering the Real Property, including Debtors' obligations to pay

25  when due (a) the monthly installments of principal and interest, as required under the Note;

26  (b) tax/insurance obligations; and (c) any sums advanced by Movant on behalf of Debtors in order to

27  protect Movant's interest in the Real Property, including all attorneys' fees and costs incurred in the

28  filing of this motion;

1 │ /./././

2 │       6.     That the attorneys' fees and costs incurred by Movant for filing the instant Motion be

3 │ included in the outstanding balance of the Note as allowed under applicable non-bankruptcy law;

4 │       7.     That the requirements of Local Rule 9021 be waived; and

5 │       8.     For such other and further relief as the court deems just and proper.

6 │

7 │ Dated:  January 31, 2011

8 │                   /s/ MATTHEW M. MCARTHUR
                  4375 Jutland Drive, Suite 200
P.O. Box 17933

9 │                   San Diego, CA 92177-0933
(858) 750-7600

10 │                   NV Bar #11649
Attorney for WELLS FARGO

11 │                   BANK, N.A. ALSO KNOWN AS
WACHOVIA MORTGAGE, A

12 │                   DIVISION OF WELLS FARGO
BANK, N.A, AND FORMERLY

13 │                   KNOWN AS WACHOVIA
MORTGAGE FSB

14 │

15 │

16 │

17 │

18 │

19 │

20 │

21 │

22 │

23 │

24 │

25 │

26 │

27 │

28 │